**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WALTER J. ROACHE,**

                              **Petitioner,**

            v.                                                  **9:09-CV-1302**
                                                                         **(FJS)**

**S.A. CONNELL, Superintendent,**
**Oneida Correctional Facility,**

                              **Respondent.**
_____

**APPEARANCES**                                          **OF COUNSEL**

**WALTER J. ROACHE**
**17129-404**
CNY PC
P.O. Box 300
Marcy, New York 13403
Petitioner *pro se*

**OFFICE OF THE NEW YORK**              **LISA E. FLEISCHMANN, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**SCULLIN, Senior Judge**

## MEMORANDUM -DECISION AND ORDER

### I. INTRODUCTION

      Petitioner Walter J. Roache, a state prisoner appearing *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he argued that the New York State Department of Corrections and Community Supervision ("DOCCS") improperly altered a sentencing commitment order by calculating his 1993 sentence to run consecutively to an undischarged 1979 sentence, without a

court order, in violation of the separation of powers doctrine and his right to due process. *See* Dkt. No. 4, Amended Petition, at 2-14; Dkt. No. 21, Supplemental Traverse, at 1-11. On February 23, 2010, Respondent filed an answer, memorandum of law and the relevant state-court records. *See* Dkt. Nos. 16-18. Petitioner filed a traverse on February 24, 2010, and a supplemental traverse on March 17, 2010. *See* Dkt. Nos. 19, 21.

## II. BACKGROUND

**A.     Relevant state-court proceedings**

On July 31, 1979, Petitioner was convicted of first degree rape in Orange County Court and was sentenced to serve 8 1/3 to 25 years in prison. *See* Dkt. 17, Exhibit "A," Sentencing Transcript ("Sentencing Tr."), at 3-4; Dkt. No. 16, Respondent's Memorandum of Law, at 4. Petitioner was paroled in 1987 and re-incarcerated following a parole violation in 1989. *See* Sentencing Tr. at 4. In 1990, Petitioner was again paroled. On January 5, 1993, he pled guilty to first degree sexual abuse (N.Y. Penal Law § 130.65(3)), a class D felony. *See* Sentencing Tr. at 2. During the sentencing proceedings, Petitioner asked the court to run his sentence concurrently to the undischarged 1979 sentence. *See id.* at 13. The court refused, stating, "It is illegal. I cannot run a sentence of this nature concurrent." *See id.* The court then sentenced Petitioner to serve 3 to 6 years in prison and reiterated that, "by statute, that sentence runs consecutive. I would mandate anyway that that [sic] sentence would run consecutive just in case there's a question about that." *See id.* at 17. The sentencing commitment order was silent with regard to whether the sentence ran consecutively or concurrently to the undischarged 1979 sentence. *See* Dkt. No. 17, Exhibit "B". Petitioner's sentence expired on February 2, 2010. *See* Dkt. No. 16, Respondent's Memorandum of Law, at 2.

Petitioner filed a state-court petition for a writ of habeas corpus, dated March 23, 2004, in which he argued that he was entitled to release because the 1993 sentence had expired, his 1979 conviction was illegal, and he was improperly deprived of good time credits. *See* Dkt. No. 17, Exhibit "E," Petition for a Writ of Habeas Corpus, at 6-72.  Petitioner also filed another document, dated April 29, 2004, in support of his petition in which he argued that DOCCS could not disregard the 1993 sentencing commitment order, which was silent regarding whether the sentence was consecutive or concurrent. *See id.*, Affidavit In Support of Motion Pursuant to Exigi Facias, Exigent Circumstances Pursuant to Writ of Habeas Corpus, at 92-99.  The court denied the petition on August 30, 2004.[1]  *See id*. at 148-49 (Decision and Order, Julian, J., Aug. 30, 2004).  The court also issued an amended order on April 12, 2005, denying the petition because "the sentence was properly calculated." *See id.* at 160 (Order (Amended), Julian, J., Apr. 12, 2005).  Petitioner appealed the denial of his petition in March 2006; and, on July 7, 2006, the Appellate Division affirmed.  *See* Dkt. No. 17, Exhibit "D"; *People ex rel. Roache v. Connell*, 31 A.D.3d 1199 (4th Dep't 2006).  On January 19, 2007, the Court of Appeals denied leave to appeal and denied reargument on March 27, 2007.  *See People ex rel Roache v. Connell*, 8 N.Y.3d 803, *rearg. denied*, 8 N.Y.3d 907 (2007).

Petitioner filed another state-court habeas petition on May 23, 2007, in Westchester County, in which he again argued that, because the 1993 sentencing commitment order did not specify whether the sentence was consecutive or concurrent, DOCCS was required to calculate it to run concurrent.[2]  *See* Dkt. No. 17, Exhibit "N," Petition for Writ of Habeas Corpus, at R 12-31.  The Westchester County

---

[1] On July 16, 2004, the trial court erroneously issued an order denying relief in an action captioned, "Matthew J. Roache v. William Lape."  *See* Dkt. No. 17, Exhibit "E," at 143 (Order, Julian, J., Jul. 16, 2004).  The court issued the amended, corrected order on August 30, 2004.

[2] The papers were dated February 23, 2007.  *See* Dkt. No. 17, Exhibit "N," at R 12-31.

court transferred the petition to Oneida County Court, which denied it on July 6, 2007. *See* Dkt. No. 17, Exhibit "N," at R 7-8 (Decision and Order, Julian, J., July 6, 2007). On August 15, 2007, Petitioner moved to reargue his petition. *See id.*, Notice of Motion, Pursuant to Reargument, at R 55-86. The court denied the motion on December 7, 2007. *See id.* at R 4-5 (Order, Julian, J., Dec. 7, 2007). Petitioner appealed; and, on March 30, 2009, the Appellate Division, Fourth Department, dismissed the appeal. *See People ex rel Roache v. Connell*, 60 A.D.3d 1367 (4th Dep't 2009); Dkt. No. 17, Exhibit "P." The court denied leave to appeal on June 24, 2009. *See People ex rel Roache v. Connell*, 12 N.Y.3d 1367 (2009); Dkt. No. 17, Exhibit "R."

**B.     Relevant federal-court proceedings**

In 2006, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 in the Southern District of New York in which he challenged both his 1979 and 1993 convictions. *See Roache v. Connell*, No. 06 Civ. 3567, 2010 WL 6512333 (S.D.N.Y. May 24, 2010). One of Petitioner's claims was that "the consecutive nature of his sentence [was] illegal[.]" *Id.* at *1. Petitioner had previously filed a habeas petition in the Southern District challenging his 1979 conviction, which the court had denied in May 2001. *See id.* at *3. The court, therefore, construed the 2006 petition as a successive petition and transferred it to the Second Circuit for authorization. *See id.*

On September 28, 2006, the Second Circuit denied the application. *See id.* Petitioner moved for reconsideration of the dismissal of his challenge to his 1993 conviction. *See id.* On February 13, 2008, the Second Circuit found that the district court had misconstrued the 2006 petition as a successive challenge to the 1979 conviction instead of an initial section 2254 petition challenging the 1993 conviction. *See id.* The Circuit vacated the district court's transfer order with respect to the 1993

conviction and remanded the petition for review. *See id.*

In a Report and Recommendation issued on May 24, 2010, Magistrate Judge Ronald L. Ellis recommended that the district court deny and dismiss the petition because it was untimely and, in the alternative, lacked merit. *See Roache*, 2010 WL 6512333, at *3-*9. Magistrate Judge Ellis rejected Petitioner's consecutive sentence claim, finding that "Roache's sentence was lawfully imposed" pursuant to New York Penal Law § 70.25 (2)(a), which required the sentencing court "to impose a consecutive sentence because of [Petitioner's] status as a second-felony offender." *Id.* at *8 (citation omitted).[3] On April 14, 2011, District Judge William H. Pauley III adopted the Report and Recommendation in its entirety, denied the petition, and declined to issue a certificate of appealability. *See Roache v. Connell*, No. 06 Civ. 3567, 2011 WL 1465989, *1 (S.D.N.Y. Apr. 14, 2011).

Petitioner's filed his original petition, dated November 18, 2009, in this Court while his 2006 petition was pending in the Southern District. *See* Dkt. No. 1.

### III. DISCUSSION

**A.   Second or successive petition**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), before a petitioner may file a second or successive habeas petition in which he challenges the same conviction, he must first "move in the appropriate court of appeals for an order authorizing the district court to

---

[3] In addition to the state-court proceedings outlined above, Magistrate Judge Ellis discussed a motion to set aside the sentence pursuant to New York Criminal Procedure Law ("CPL") § 440.20, that Petitioner had filed in Orange County on October 2, 2006, in which Petitioner claimed that the consecutive nature of his sentence violated the New York and United States Constitutions. *See Roache*, 2010 WL 651233, at *2. The state court apparently denied the motion on November 30, 2006, and denied Petitioner leave to appeal on March 13, 2007. *See id.* These documents are not part of the record before this Court.

consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the Court of Appeals. *See Magwood v. Patterson,* 130 S. Ct. 2788, 2796 (2010); *Torres v. Senkowski*, 316 F.3d 147, 149-52 (2d Cir. 2003). The statute does not define "second or successive," but the Supreme Court has stated that the phrase "does not simply 'refe[r] to all § 2254 applications filed second or successively in time[.]'" *Magwood*, 130 S. Ct. at 2796 (quoting *Panetti v. Quarterman*, 551 U.S. 930, 944, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007)); *see also Muniz v. United States*, 236 F.3d 122, 125 (2d Cir. 2001) (stating that "not every habeas corpus or § 2255 petition 'that is filed after a prior one' is properly considered a 'second or successive' filing in the technical sense meant by AEDPA" (citations omitted)). Rather, for a petition to be "second or successive," a court must have decided the first petition on the merits. *See Slack v. McDaniel,* 529 U.S. 473, 487 (2000) (holding that a petition was not successive when the court had dismissed the first petition challenging the same judgment for failure to exhaust state-court remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998) (stating that a claim of a capital prisoner that he was insane and could not be put to death was unripe until the State issued a warrant for his execution; and, therefore, the prisoner's subsequent request for consideration of that previously unripe claim was not "second or successive" for purposes of § 2244(b)).

Petitioner's arguments in this action center around his claim that DOCCS acted without judicial authority when it calculated his 1993 sentence to run consecutively to his 1979 sentence. It is a different legal theory than the one he apparently presented in the petition he filed in the Southern District of New York, but it is still a challenge to the consecutive nature of the 1993 sentence. When Petitioner filed his petition in this Court, however, the court in the Southern District had not yet decided his petition. It does not appear, therefore, that this Court should render the pending petition "second or

successive" simply because the Southern District issued its decision first. *See, e.g., Whab v. United States*, 408 F.3d 116, 120 (2d Cir. 2005) (holding that the "proper reference point for determining whether a petition is 'second or successive' is the moment of filing, regardless of whether the petitioner files directly in the district court or first files an application for gatekeeping approval in the court of appeals"); *Agoro v. United States*, No. 11 Civ. 1818, 2011 WL 1330771, *3 (S.D.N.Y. Apr. 4, 2011) (stating that "[t]his section 2241 petition would not be considered successive with respect to *Agoro v. United States,* even if AEDPA's restrictions apply, because appellate proceedings in *Agoro v. United States* remain pending"); *Palmer v. Phillips*, 05 Civ. 9894, 2007 WL 60419, *2 (S.D.N.Y. Jan. 8, 2007) (holding that habeas petition was not second or successive when it was filed four days before the Second Circuit denied a certificate of appealability on the first habeas petition). Accordingly, the Court will not construe this petition as "second or successive" and transfer it to the Second Circuit for authorization.

B.     **The petition is moot**

Article III, Section 2 of the United States Constitution limits this Court's subject matter jurisdiction to matters that present a "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Baur v. Veneman*, 352 F.3d 625, 631-32 (2d Cir. 2003). Habeas petitioners no longer in custody must demonstrate the existence of a "concrete and continuing injury" or some "'collateral consequence' of the conviction" in order for the court to grant a petition. *Spencer,* 523 U.S. at 7; *Jackson v. Schult*, No. 9:07-CV-1146, 2008 WL 5056851, *1 (N.D.N.Y. Nov. 21, 2008) (citations omitted).

A challenge to an underlying conviction itself carries the presumption that a collateral, adverse consequence exists. *See Spencer*, 523 U.S. at 12; *Sibron v. New York*, 392 U.S. 40, 55 (1968).

However, because Petitioner does not challenge his underlying conviction, no presumption of collateral consequences exists in this case. *See Spencer*, 523 U.S. at 7-8. He must therefore prove the existence of a concrete and continuing injury resulting from an allegedly incorrect calculation of his sentence. *See id.* at 7; *Jackson*, 2008 WL 5056851, at *1. Since Petitioner's sentence has expired, and he is no longer in DOCCS custody, the Court finds that this petition is moot. *See Spencer*, 523 U.S. at 14-18; *Ruddy v. Bocaud*, 9:08-CV-1319, 2009 WL 5030790, *3 (N.D.N.Y. Dec. 14, 2009) (finding that claims that petitioner did not receive appropriate credit to his sentence for time served while he was on probation and that his parole was improperly revoked were moot because the petitioner was released from prison); *Reyes v. New York,* No. 08 Civ. 8645, 2009 WL 1066938, *2 (S.D.N.Y. Apr. 21, 2009) (finding that, because the petitioner was released from custody and deported, the issue of whether his sentences should run concurrently or consecutively was moot); *Robinson v. Connell*, No. 9:03-CV-1151, 2008 WL 907318, *2 (N.D.N.Y. Mar. 31, 2008) (finding that petition based upon petitioner's allegation that his conditional and maximum release dates from prison were improperly calculated was mooted by petitioner's release from prison because the petitioner "failed to demonstrate a continuing concrete injury as the result of the alleged miscalculation of his release dates that might have been remediable by writ" (citations omitted)).

**C.     The petition is untimely**

The AEDPA established a one-year statute of limitations for prisoners to seek federal review of their state-court criminal convictions that begins to run from the latest of several events: the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review; the date on which an unconstitutional, state-created impediment to

filing a habeas petition is removed; the date on which the Supreme Court initially recognized the constitutional right on which the petitioner bases his habeas application if that right was newly recognized and made retroactively applicable; or the date on which the petitioner could have discovered the factual predicate for the claim or claims presented through the exercise of due diligence (newly discovered evidence). *See* 28 U.S.C. § 2244(d)(1)(A)-(D); *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-53 & n.9 (2012).

Only subsections (A) and (D) are relevant to this action. Petitioner's conviction became final on May 23, 1995, ninety days after the New York Court of Appeals denied leave to appeal. *See People v. Roache*, 85 N.Y.2d 865 (1995); *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009), *cert. denied sub nom. Saunders v. Artus*, 131 S. Ct. 899 (2011). Since, however, Petitioner's habeas claims accrued before AEDPA's enactment on April 24, 1996, he is "afforded the 'reasonable time' of 'one year after the effective date of AEDPA'" to file a timely federal habeas petition. *Bennett v. Artuz*, 199 F.3d 116, 118 (2d Cir. 1999) (quoting *Ross*, 150 F.3d at 102-03). The one-year grace period expired on April 24, 1997, several years before Petitioner filed this petition.

To the extent that subsection (D) applies, Petitioner was made aware at the sentencing proceeding that his 1993 sentence would run consecutively to his 1979 conviction. *See* Dkt. No. 17, Exhibit "A," at 13, 16; *Williams v. Phillips*, No. 04 Civ. 4653, 2005 WL 1806161, *9 (S.D.N.Y. Aug. 2, 2005) (finding that, under subsection (D), the limitations period "'runs from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim'" (quoting *Youngblood v. Greiner*, 97 Civ. 3289, 1998 WL 720681 at *4 n.4 (S.D.N.Y. Oct. 13, 1998)) (other citations omitted)). Additionally, Petitioner was aware of DOCCS's calculation of his sentence as early as 1995, when a time computation was prepared

reflecting that his maximum sentence expiration date was February 2, 2010. *See* Dkt. No. 17, Exhibit "C," at 5 (Reception/Classification System Legal Date Computation, May 24, 1995); *Palmer,* 2007 WL 60419, at *3 (finding that the petitioner was on notice of the factual predicate for his claim that he should have received credit for time served on a previous conviction "when DOCS informed him of its jail-time computation" and dismissing the petition as untimely). Accordingly, the Court finds that Petitioner has been on notice of the factual predicate for his claim since at least 1995, and his claims were discoverable through the exercise of due diligence well before he filed this petition. *See Belot v. Burge*, 490 F.3d 201, 204 (2d Cir. 2007).

Although the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is  pending[,]" 28 U.S.C. § 2244(d)(2), there is no basis to apply statutory tolling in this case because Petitioner did not date or file his state-court proceedings raising his current claims between April 24, 1996, and April 24, 1997. *See* 28 U.S.C. § 2244(d)(2); *Smith v. McGinnis*, 208 F.3d 13, 17 (2000).

Finally, the AEDPA's one-year statute-of-limitations period is subject to equitable tolling in "appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citation omitted). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" that prevented timely filing. *Id.* at 2562 (quoting *Pace*, 544 U.S., at 418, 125 S. Ct. 1807 (emphasis deleted)); *Jenkins v. Greene*, 630 F.3d 298, 302-03 (2d Cir. 2010), *cert. denied sub nom. Jenkins v. LaValley*, 132 S. Ct. 190 (2011); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (quotation and other citation omitted).

Petitioner has not alleged any "extraordinary circumstances" that prevented him from filing his petition on time, and he has not demonstrated that he has diligently pursued his rights. As noted,

Petitioner learned (or, with due diligence, could have learned) that DOCCS calculated the 1993 sentence consecutively with his previously undischarged 1979 sentence as early as 1995.  He waited until 2004 to take any action challenging DOCCS's sentencing computation.  *See* Dkt. No. 17, Exhibit "E," at 92-98.  Accordingly, the Court finds that Petitioner has not shown that he diligently pursued his rights up until he filed the pending petition.  *See Holland*, 130 S. Ct. at 2560.[4]  Therefore, the Court dismisses the amended petition because it is untimely.

Alternatively, even if Petitioner's petition were not untimely, the Court would dismiss it for the following alternative reasons.

**D.      Petitioner's claims are not cognizable on habeas review and are meritless.**

Petitioner's claims are not cognizable on federal habeas review because there is "'no constitutionally cognizable right to concurrent, rather than consecutive, sentences.'"  *United States v. McLean*, 287 F.3d 127, 136 (2d Cir. 2002) (quoting *United States v. White*, 240 F.3d 127, 135 (2d Cir. 2001)) (other citation omitted).  Petitioner's claim that DOCCS improperly calculated his sentences

---

[4] The Court notes its obligation to consider a claim of "actual innocence" before dismissing a habeas petition as untimely when a petitioner makes an actual-innocence claim.  *See Brockington v. Marshal*, No. 08-0839-PR, 375 Fed. Appx. 157, 158 (2d Cir. May 3, 2010); *Doe v. Menifee*, 391 F.3d 147, 161 (2d Cir. 2004) (citations omitted).  However, the Court will not address the issue in this Memorandum-Decision and Order for two reasons.  First, even liberally construed, the pending amended petition does not claim actual innocence.  *See generally* Dkt. No. 4.  Second, to set forth an actual-innocence claim, a petitioner "must present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'"  *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000) (quotations omitted.); *see Menefee*, 391 F.3d at 161 (stating that a petitioner must support an actual innocence claim "'with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial'" (quoting *Schlup*, 513 U.S. at 324, 115 S. Ct. 851)).  Here, Petitioner pled guilty to the underlying charges and has utterly failed to present any new evidence at all, let alone any evidence that might suggest his innocence.  *See id.*

consecutively is a question of state law. *See Washington v. Goord*, 07 Civ. 7150, 2009 WL 3805599, *6 (S.D.N.Y. Nov. 13, 2009) (citations omitted); *Vasquez v. Loiodice*, 07 Civ. 7164, 2009 WL 2575775, *2 (S.D.N.Y. Aug. 20, 2009) (citation omitted).

To the extent that Petitioner argues that DOCCS's calculation of his sentence violated the separation of powers doctrine, that claim is also not cognizable because "the doctrine of separation of powers embodied in the Federal Constitution is not mandatory on the States." *Whalen v. United States*, 445 U.S. 684, 689 n.4 (1980) (citations omitted); *see also Flanders v. Chairman of Div. of Parole State of New York*, No. 02 Civ. 3899, 2004 WL 253323, *3 (S.D.N.Y. Feb. 10, 2004) (finding that claim that the parole board violated the doctrine of separation of powers by considering the severity of his crime and his past criminal history in making a parole determination involved "the interaction of the branches of state government, a claim that rarely serves as a proper basis for granting a writ of habeas corpus because 'state separation of powers issues do not generally raise constitutional questions'" (quoting *United States v. Newton*, 181 F. Supp. 2d 157, 165 (E.D.N.Y. 2000))).

Petitioner's apparent argument that there were procedural errors in the way in which his state-court habeas petitions were handled is also not cognizable on habeas review. *See Ferrer v. Superintendent*, 628 F. Supp. 2d 294, 309 (N.D.N.Y. 2008) (holding that ""[f]ederal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings""" (quoting *Falas v. Phillips*, No. 03 Civ. 4839, 2004 WL 1730289, at *13 (S.D.N.Y. Aug. 3, 2004)) (other citations omitted)); *Parker v. New York*, No. 05 Civ. 3347, 2006 WL 864272, *5 (S.D.N.Y. Apr. 5, 2006) (holding that "'procedural errors in state post-conviction proceedings are not cognizable on federal habeas review'" (quoting *Guzman v. Couture*, 2003 WL 165746, at * 13-*14 (S.D.N.Y. Jan. 22, 2003) (claim that post-conviction court failed to consider written objections submitted to another judge in

violation of petitioner's rights to effective assistance of counsel, due process and equal protection was not cognizable on federal habeas review))).

Finally, at the heart of this case is Petitioner's argument that the sentencing court was silent regarding whether the 1993 sentence ran consecutively or concurrently to the undischarged 1979 sentence. As previously noted, and as the Southern District has already found, the sentencing transcript flatly refutes Petitioner's argument. *See* Dkt. No. 17, Exhibit "A," at 13, 17; *Roache,* 2010 WL 6512333, at *7-*8. Even if the sentencing court had been silent, however, the 1993 sentence would have run consecutively by statute. In 1993, Petitioner was a second felony offender because he had been convicted in 1979 of first degree rape. *See* Dkt. No. 17, Exhibit "A," Sentencing Tr., at 3-5, 17. As the Southern District also found, the sentencing court "was required to impose a consecutive sentence because of his status as a second-felony offender." *Roache*, 2010 WL 6512333, at *8 (citing N.Y. Penal Law § 70.25(2-a)). The New York Court of Appeals has made clear that, "when a court is required by statute to impose a sentence that is consecutive to another, and the court does not say whether its sentence is consecutive or concurrent, it is deemed to have imposed the consecutive sentence the law requires." *People ex rel. Gill v. Greene*, 12 N.Y.3d 1, 4 (2009).

Petitioner's reliance on *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 462 (1936), and *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), is misplaced. In each of those cases, the sentencing courts did not articulate substantive portions of the sentences imposed, and officials later improperly administratively lengthened the petitioners' sentences. *See Wampler*, 298 U.S. at 462-67 (holding commitment order that the court clerk had prepared improperly included language that the inmate be held in prison until fines and costs were paid that was not included in the sentencing court's oral pronouncement of sentence); *Earley*, 451 F.3d at 75 (finding that DOCCS improperly added a period of

post-release supervision to a sentence that was not included in the state court's judgment). In this case, DOCCS calculated Petitioner's sentence in accordance both with the sentencing court's express direction that the 1993 sentence run consecutively to the 1979 sentence and as the statute mandated.

### IV. CONCLUSION

After carefully reviewing the parties' submissions and the applicable law and, for the above-stated reasons, the Court hereby

**ORDERS** that the amended petition is **DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability ("COA") shall issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[5] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 22, 2012
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge

---

[5] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (holding that "§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (citation omitted)).